IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICE WILLIAM MANSELL,                    *

    Plaintiff,                              *

    v.                                      *

                                       **CIVIL NO. JKB-26-1587**

SYNERGY MARINE PTE LTD, et al.,             *

    Defendants.                             *

*   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM AND ORDER

On April 23, 2026, Patrice William Mansell d/b/a Mansell's Cargo Unloading filed suit against Synergy Marine PTE LTD ("Synergy") and Grace Ocean Private Limited ("Grace"), as the operator and owner of the M/V Dali. (ECF No. 1.) Plaintiff alleges economic damages arising from the March 26, 2024, allision of the M/V Dali with the Francis Scott Key Bridge. (*Id.*)

As the Court previously explained in an Order dated April 28, 2026, Synergy and Grace filed with this Court a Petition for Exoneration from or Limitation of Liability. (ECF No. 1, 24-cv-0941-JKB.) With the Court's authorization, Synergy and Grace "issue[d] a notice to all persons asserting claims with respect to which the Petition seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court" on or before September 24, 2024. (ECF No. 8, 24-cv-0941-JKB.) Plaintiff's claim here appears to be one that should have been filed in the limitation of liability action by September 24, 2024.

In its April 28 Order, the Court explained that, under the Supplemental Rules for Certain Admiralty and Maritime Claims Rule F(4), the Court may permit the late filing of a claim "for cause shown." The Court also explained that Local Rule 103.3 provides that "[t]he Clerk shall not

1

issue any subpoena under Fed. R. Civ. P. 45(a)(3) to any self-represented litigant without first obtaining an order from the Court authorizing the issuance of the subpoena." And "[b]efore entering any such order the Court may require the litigant to state the reasons why the subpoena should be issued, and the Court may refuse to authorize issuance of the subpoena if it concludes that the subpoena imposes undue burden . . . ." The Court directed Plaintiff to show cause why his Complaint should not be dismissed by May 13, 2026.

Plaintiff has not responded to the Court's Order. Further, the docket reflects that the mail the Clerk's Office has sent to Plaintiff's address has been returned undeliverable. (*See* ECF Nos. 5, 6.) Local Rule 102.1(b)(iii) requires self-represented litigants to provide their current address and provides that "[t]his obligation is continuing, and if any self-represented litigant fails to comply, the Court may enter an order dismissing any affirmative claims for relief filed by that party . . . ." Because Plaintiff has failed to show cause and to provide a current address, the Court will dismiss Plaintiff's claims without prejudice.

Accordingly, it is ORDERED that:

1.  Plaintiff's Complaint is DISMISSED without prejudice.

2.  The Clerk is DIRECTED to CLOSE this case.

3.  The Clerk is DIRECTED to MAIL a copy of this Memorandum and Order to Plaintiff.

DATED this 28 day of May, 2026.

BY THE COURT:

James K. Bredar
United States District Judge

2